IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DE'AMONTAE MANNING,** | CASE NO. 3:24 CV 1170 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **JAMES ELLIS,** | |
| | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

*Pro se* Plaintiff De'Amontae Manning brings this action under 42 U.S.C. § 1983 against Toledo Correctional Institution Corrections Officer James Ellis. *See* Doc. 1. In the Complaint, he contends Ellis used a microchip implanted in his body to control his body movements, internal organ functions, and thoughts. *See id.* He claims this is cruel and unusual punishment. *Id.* at 3. He seeks monetary damages. *Id.* at 12.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading

must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of the plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a Complaint. This action lacks an arguable basis in fact.

For the foregoing reasons, good cause appearing, it is

ORDERED that this action be, and the same hereby is, dismissed pursuant to 28 U.S.C. §1915(e); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                          *s/ James R. Knepp II*
                                          UNITED STATES DISTRICT JUDGE

                                          Dated: September 18, 2024